**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **PENNY TRAHAN and** | § | |
| **RHONDA MORGAN** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **NO. 1:14-CV-152** |
| **VS** | § | |
| | § | |
| **CHRISTUS HOSPITAL ST. ELIZABETH** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT CHRISTUS HOSPITAL ST. ELIZABETH'S ORIGINAL ANSWER

Defendant, **CHRISTUS HOSPITAL ST. ELIZABETH**, (hereinafter referred to as "CHRISTUS" or "Defendant"), through undersigned counsel, responds to Plaintiffs' Original Complaint ("the Complaint"), filed by Penny Trahan and Rhonda Morgan ("Plaintiffs"), as follows:

## LIMITED GENERAL DENIAL

Pursuant to FED.R.CIV.P. 8(b), CHRISTUS denies all allegations in the Complaint, except the designated allegations expressly admitted below.

## ANSWERS TO PLAINTIFF'S ALLEGATIONS

The following responses correspond numerically to the paragraphs contained in Plaintiffs' Original Complaint:

### Answer to:  Preliminary Statement

CHRISTUS denies the allegations in the Preliminary Statement of the Complaint.

## Answer to:  I. DISCOVERY PLAN

1.     CHRISTUS denies that the discovery level referenced in Paragraph 1 of the Complaint is proper since the case is removed to federal court based on federal question jurisdiction.  CHRISTUS admits that Plaintiffs seek the damages referenced, but denies any and all liability and further denies that Plaintiffs are entitled to any relief.

## Answer to:  II.  JURISDICTION

2.   CHRISTUS denies the jurisdiction allegations in Paragraph 2 of the Complaint since the case is removed to federal court based on federal question jurisdiction.  While expressly denying any and all liability, CHRISTUS admits that the United States District Court for the Eastern District of Texas, Beaumont Division, has jurisdiction to hear this dispute.

## Answer to:  III.  VENUE

3.    CHRISTUS denies the venue allegations in Paragraph 3 of the Complaint since the case is removed to federal court based on federal question jurisdiction.  While expressly denying any and all liability, CHRISTUS admits that venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division.

## Answer to:  IV.  PARTIES

4.    CHRISTUS is without sufficient information at this time to admit or deny the allegations as worded in Paragraph 4 of the Complaint.

5.    CHRISTUS is without sufficient information at this time to admit or deny the allegations as worded in Paragraph 5 of the Complaint.

6.  CHRISTUS admits the allegations in Paragraph 6 of the Complaint.

## Answer to:  V.  <u>STATEMENT OF FACTS</u>

### *a. Penny Trahan*

7.   CHRISTUS admits that Plaintiff Penny Trahan is hearing impaired as alleged in Paragraph 7 of the Complaint.  CHRISTUS is without sufficient information at this time to admit or deny the allegations as worded in Paragraph 7 of the Complaint.

8.   CHRISTUS admits that Plaintiff Penny Trahan is the mother of a son named James, who was treated at CHRISTUS on or about February 20, 2012, as alleged in Paragraph 8 of the Complaint.   CHRISTUS is without sufficient information at this time to admit or deny the remaining allegations as worded in Paragraph 8 of the Complaint.

9.   CHRISTUS admits that Plaintiff Penny Trahan was accompanied by family members as alleged in Paragraph 9 of the Complaint.  CHRISTUS is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint as to the extent of Julie O'Pry's ability to communicate via ASL, or the details of what, if anything, Julie O'Pry communicated to Plaintiff Penny Trahan.  CHRISTUS denies as worded the remaining allegations in Paragraph 9 of the Complaint.

10.  CHRISTUS admits that x-rays were taken of James Campbell's leg, that surgery was performed on James Campbell's leg, and that consent for surgery was obtained, as alleged in Paragraph 10 of the Complaint.  CHRISTUS denies the remaining allegations in Paragraph 10 of the Complaint.

11.   CHRISTUS is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint as to Barbara Sellers and Gabrielle and their hearing impairment, if any, and their ability to communicate via ASL.  CHRISTUS denies as worded the remaining allegations in Paragraph 11 of the Complaint.

12.  CHRISTUS denies as worded the allegations in Paragraph 12 of the Complaint.

13.  CHRISTUS denies as worded the allegations in Paragraph 13 of the Complaint.

14.   CHRISTUS admits that Plaintiff Penny Trahan remained with James Campbell through the night, and that Dr. Thompson treated James Campbell, as alleged in Paragraph 14 of the Complaint.  CHRISTUS denies as worded the remaining allegations in Paragraph 14 of the Complaint.

15.  CHRISTUS admits that a physical therapist attended to James Campbell as alleged in Paragraph 15 of the Complaint.  CHRISTUS denies as worded the remaining allegations in Paragraph 15 of the Complaint.

16.  CHRISTUS denies as worded the allegations in Paragraph 16 of the Complaint.

17.   CHRISTUS admits that James Campbell was discharged on or about February 27, 2012, as alleged in Paragraph 17 of the Complaint.  CHRISTUS denies as worded the remaining allegations in Paragraph 17 of the Complaint.

18.  CHRISTUS admits that James Campbell was treated at CHRISTUS in August 2013, as alleged in Paragraph 18 of the Complaint.  CHRISTUS denies as worded the remaining allegations in Paragraph 18 of the Complaint.

19.  CHRISTUS admits that Plaintiff Penny Trahan's son, Tony Campbell, was treated at CHRISTUS for nosebleeds in September 2013, as alleged in Paragraph 19 of the Complaint.  CHRISTUS denies the remaining allegations in Paragraph 19 of the Complaint.

### b. Rhonda Morgan

20.  CHRISTUS admits that Plaintiff Rhonda Morgan is hearing impaired, as alleged in Paragraph 20 of the Complaint.  CHRISTUS is without sufficient information to admit or deny the remaining allegations as worded in Paragraph 20 of the Complaint.

4

21.  CHRISTUS admits that Plaintiff Rhonda Morgan was treated at CHRISTUS on or about June 4, 2012 for nausea and shortness of breath, and that she provided her information upon arrival.  CHRISTUS is unable to admit or deny the remaining allegations as worded in Paragraph 21 of the Complaint.

22.  CHRISTUS denies as worded the allegations in Paragraph 22 of the Complaint.

23.  CHRISTUS denies as worded the allegations in Paragraph 23 of the Complaint.

24.  CHRISTUS denies as worded the allegations in Paragraph 24 of the Complaint.

25.  CHRISTUS denies as worded the allegations in Paragraph 25 of the Complaint.

26.  CHRISTUS denies as worded the allegations in Paragraph 26 of the Complaint.

27.  CHRISTUS denies as worded the allegations in Paragraph 27 of the Complaint.

28.  CHRISTUS denies as worded the allegations in Paragraph 28 of the Complaint.

29.  CHRISTUS denies as worded the allegations in Paragraph 29 of the Complaint.

30.  CHRISTUS denies as worded the allegations in Paragraph 30 of the Complaint.

31.  CHRISTUS denies as worded the allegations in Paragraph 31 of the Complaint.

32.  CHRISTUS admits that Plaintiff was discharged during the early morning hours of June 5, 2012, as alleged in Paragraph 32 of the Complaint.  CHRISTUS is without sufficient information to admit or deny the remaining allegations in Paragraph 32 of the Complaint.

### Answer to:  VI.  CAUSES OF ACTION

### Answer to:  A. VIOLATION OF CHAPTER 121

33.  CHRISTUS adopts and incorporates all admissions, denials, and averments in the preceding Paragraphs 1 – 32 hereinabove.

34.  CHRISTUS admits that Section 121.001 of the Texas Human Resources Code is accurately quoted in Paragraph 34 of the Complaint.  CHRISTUS denies that Section 121.002(5)

is accurately quoted in Paragraph 34 of the Complaint.   CHRISTUS admits the remaining allegations in Paragraph 34 of the Complaint.

35.   CHRISTUS admits that both Plaintiffs have a hearing impairment, but is without sufficient information to admit or deny the specific allegation in Paragraph 35 of the Complaint. CHRISTUS admits that it is a "public facility" as alleged in Paragraph 35 of the Complaint.

36.   CHRISTUS denies the allegations in Paragraph 36 of the Complaint, and further denies the allegations in all subparts of Paragraph 36 of the Complaint.

37.   CHRISTUS admits that Section 121.004(b) of the Texas Human Resources Code, cited in Paragraph 37 of the Complaint, speaks for itself.  CHRISTUS denies that it has violated Section 121.003 of the Texas Human Resources Code.

38.   CHRISTUS admits that Section 121.004(b) of the Texas Human Resources Code, citing in Paragraph 38 of the Complaint, speaks for itself.  CHRISTUS denies that Plaintiff is entitled to any of the relief authorized by Section 121.004(b) of the Texas Human Resources Code.

39.  CHRISTUS denies Paragraph 39 of the Complaint.

### Answer to:  B.  VIOLATION OF ADA

40.   CHRISTUS adopts and incorporates all admissions, denials, and averments in the preceding Paragraphs 1 – 39 hereinabove.

41.   CHRISTUS admits that 42 U.S.C.  §12182(a), cited in Paragraph 41 of the Complaint, speaks for itself.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 42 U.S.C. §12182(a).

42.   CHRISTUS admits that 42 U.S.C. §12102(1)(A), cited in Paragraph 42 of the Complaint, speaks for itself.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 42 U.S.C. §12102(1)(A).

43.   CHRISTUS admits that Plaintiffs have a hearing impairment, but is without sufficient information to admit or deny the specific allegations in Paragraph 43 of the Complaint.

44.  CHRISTUS admits Paragraph 44 of the Complaint.

45.  CHRISTUS denies the allegations in Paragraph 45 of the Complaint.

46.  CHRISTUS denies the allegations in Paragraph 46 of the Complaint.

47.  CHRISTUS denies the allegations in Paragraph 47 of the Complaint.

48.  CHRISTUS admits that 42 U.S.C. §12103(1)(A) and 28 C.F.R. §36.303(b)(1) speak for themselves.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 42 U.S.C. §12103(1)(A) and/or 28 C.F.R. §36.303(b)(1).

49.  CHRISTUS denies the allegations in Paragraph 49 of the Complaint.

50.  CHRISTUS denies the allegations in Paragraph 50 of the Complaint.

51.  CHRISTUS denies the allegations in Paragraph 51 of the Complaint.

52.  CHRISTUS denies the allegations in Paragraph 52 of the Complaint.

53.  CHRISTUS denies the allegations in Paragraph 53 of the Complaint.

**Answer to:  C.  VIOLATION OF SECTION 504 OF THE
REHABILITATION ACT OF 1973**

54.   CHRISTUS adopts and incorporates all admissions, denials, and averments in the preceding Paragraphs 1 – 53 hereinabove.

55.  CHRISTUS admits that 29 U.S.C. §794(a), cited in Paragraph 55 of the Complaint, speaks for itself.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 29 U.S.C. §794(a).

56.   CHRISTUS admits that Plaintiffs have a hearing impairment, but is without sufficient information to admit or deny the specific allegations in Paragraph 56 of the Complaint.

57.  CHRISTUS denies as worded the allegations in Paragraph 57 of the Complaint.

58.  CHRISTUS admits that 29 U.S.C. §794(b)(3)(A)(ii) speaks for itself.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 29 U.S.C. §794(b)(3)(A)(ii).

59.  CHRISTUS admits Paragraph 59 of the Complaint.

60.  CHRISTUS admits that it employs 15 or more persons, as alleged in Paragraph 60 of the Complaint.  CHRISTUS admits that 45 C.F.R. §84.52(d)(1), cited in Paragraph 60 of the Complaint, speaks for itself.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 45 C.F.R. §84.52(d)(1).

61.  CHRISTUS admits that 45 C.F.R. §84.52(d)(3), cited in Paragraph 61 of the Complaint,  speaks for itself.  CHRISTUS denies that it did anything with respect to Plaintiffs that was contrary to 45 C.F.R. §84.52(d)(3).

62.  CHRISTUS denies the allegations in Paragraph 62 of the Complaint.

63.  CHRISTUS denies the allegations in Paragraph 63 of the Complaint.

64.  CHRISTUS denies the allegations in Paragraph 64 of the Complaint.

65.  CHRISTUS denies the allegations in Paragraph 65 of the Complaint.

66.  CHRISTUS denies the allegations in Paragraph 66 of the Complaint.

67.  CHRISTUS denies the allegations in Paragraph 67 of the Complaint.

### Answer to:  VII.  RELIEF SOUGHT

### Answer to:  A.  <u>Injunctive Relief</u>

68.   CHRISTUS denies the allegations in Paragraph 68 of the Complaint, and further denies that Plaintiffs are entitled to the relief sought in Paragraph 68, and all subparts of Paragraph 68, of the Complaint.

### Answer to:  B. <u>Damages</u>

69.   CHRISTUS denies the allegations in Paragraph 69 of the Complaint, and further denies that Plaintiffs are entitled to the relief sought in Paragraph 69 of the Complaint.

### Answer to:  C.  <u>Court Costs and Attorney's Fees</u>

70.   CHRISTUS denies the allegations in Paragraph 70 of the Complaint, and further denies that Plaintiffs are entitled to the relief sought in Paragraph 70 of the Complaint.

### Answer to:  VIII.  JURY DEMAND

71.   CHRISTUS admits that Plaintiffs request a jury trial, as asserted in Paragraph 71 of the Complaint.

### Answer to:  REQUEST FOR DISCLOSURE

72.   CHRISTUS admits that Plaintiffs served a request for disclosure as asserted in Paragraph 72 of the Complaint, although CHRISTUS asserts that the request is moot in light of the removal of this case to federal court.

### <u>AFFIRMATIVE DEFENSES</u>

1.  Plaintiffs have failed to state a claim upon which relief can be granted.

2.  Plaintiffs' suit cannot proceed to the extent they do not have standing to assert any of the claims asserted in the Complaint.

3.  CHRISTUS has at all times either been in compliance or substantial compliance with the statutes cited in the Complaint.

4.   The barrier removal Plaintiffs seek is either not readily achievable, not required, technically infeasible, or would create an undue burden on CHRISTUS.

5.  Plaintiffs lack standing with respect to barriers which do not impair their enjoyment of the public facility or accommodation.

6.  Plaintiffs' claims are barred, in whole or in part, to the extent they did not report their accusations or complaints to CHRISTUS or otherwise provide CHRISTUS with an opportunity to take appropriate remedial actions, if necessary.

7.  Plaintiffs' claims for punitive damages are barred, in whole or in part, to the extent that such damages violate CHRISTUS' rights and privileges under the Constitution of the United States of America.

8.  CHRISTUS acted reasonably and in good faith in its efforts to comply with all statutes cited in the Complaint.   CHRISTUS affirmatively pleads and asserts that it is not liable for punitive damages because of these good-faith efforts.

9.  Pleading solely in the alternative, CHRISTUS may not be held vicariously liable for punitive damages based on any unlawful discrimination by its agents, if any are proven, because any such unlawful decisions were contrary to CHRISTUS' policies and good-faith efforts to comply with the law.

10.  CHRISTUS reserves the right, upon completion of its investigation and discovery, to modify the defenses asserted hereinabove, or to add such other affirmative defenses as may become apparent.

WHEREFORE, CHRISTUS prays that it be released, discharged, and acquitted of the claims filed against it; that Plaintiffs take nothing by reason of this suit; and for all other and further relief, to which CHRISTUS may be justly entitled and for which CHRISTUS will forever pray.

Respectfully submitted, this 14th day of March, 2014.

Respectfully submitted,

/s/Joseph W. Gagnon
**JOSEPH W. GAGNON**
Attorney in Charge
Texas Bar No. 00787507
**A. KEVIN TROUTMAN**
Texas Bar No. 24056642
**FISHER & PHILLIPS LLP**
333 Clay Street
Suite 4000
Houston, TX  77002
Tel:  (713) 292-0150
Fax:  (713) 292-0151
jgagnon@laborlawyers.com
ktroutman@laborlawyers.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of March, 2014, I have electronically filed Defendant CHRISTUS Hospital St. Elizabeth's Original Answer with the Clerk of Court through the CM/ECF document filing system, which sent notification and copies of the filing to all counsel of record.  A copy was also provided via Certified Mail/Return Receipt Requested to all counsel of record at the addresses listed below:

Lucia Romano Ostrom
1500 McGowan, Suite 100
Houston, Texas, 77004

Brian East
2222 W. Braker Lane
Austin, Texas 78758

*/s/ Joseph W. Gagnon*
Joseph W. Gagnon

12