IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PENNY TRAHAN and<br>RHONDA MORGAN | §<br>§<br>§ | |
| *Plaintiffs,* | §<br>§ | NO. 1:14-CV-152 |
| VS | §<br>§ | |
| CHRISTUS HOSPITAL ST. ELIZABETH | §<br>§ | |
| *Defendant.* | §<br>§ | |

## JOINT CONFERENCE REPORT

Plaintiffs, Penny Trahan ("Trahan") and Rhonda Morgan ("Morgan")(collectively, "Plaintiffs"), and Defendant, CHRISTUS Hospital St. Elizabeth ("Defendant" or "CHRISTUS"), submit this Joint Conference Report:

Counsel of record conferred pursuant to Fed.R.Civ.P. 26(f) and the Court's Order Governing Proceedings [Dkt. #3] and submit the following:

**1. A brief factual and legal synopsis of the case.**

Plaintiffs contend that Defendant did not provide them with effective communication as required by law. Plaintiffs are both individuals with deafness and are "qualified individuals with a disability" under the law. Both Plaintiffs visited CHRISTUS seeking medical services, Mrs. Trahan for her minor son, who was injured in an accident and required hospitalization and follow-up care; and Mrs. Morgan, who sought medical services after experiencing faintness and shortness of breath. Both Plaintiffs Trahan and Morgan requested an American Sign Language ("ASL") interpreter for effective communication with their health care providers during their individual visits. Despite their requests, Defendant failed to provide Mrs. Morgan and Mrs. Trahan an ASL interpreter, and failed to provide any other effective auxiliary aids or services so that Plaintiffs would have equal access to Defendant's health care services. Plaintiffs were unable to effectively communicate with treating physicians, therapists, nurses, and other staff at the hospital. As a result, Defendant failed to comply with Section 504 of the Rehabilitation Act of 1973, Title III of the Americans with Disabilities Act and Chapter 121 of the Texas Human Resources Code.

Defendant contends that it fully complied with all statutes cited in Plaintiffs' complaint and did not deny or hinder Plaintiffs' access to health care services.

**2. The jurisdictional basis for this suit.**

Plaintiffs bring this action in part under 42 U.S.C. §12102(1)(A) and 29 U.S.C. §794(a).  Federal question jurisdiction exists.  Defendant does not contest jurisdiction.

**3. Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

The parties will exchange Rule 26(a)(1) disclosures by May 5, 2014, in accordance with item #2 in the Order Governing Proceedings.

**4. Proposed scheduling order deadlines.  Appendix 1 has the standard deadlines.  Explain any deviation from standard schedule.  <u>Now is the time to inform the court of any special complexities or need for more time before the trial setting</u>.  The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

Attached as Appendix 1 to this Joint Conference Report are the proposed scheduling order deadlines agreed to by the parties.  There are no deviations from the standard schedule.

Defendant does, however, bring to the Court's attention that it intends to file a motion to sever the claims brought by each Plaintiff into two separate lawsuits.  The parties have conferred on this issue, and Plaintiffs intend to file a response opposing said motion.

**5. If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated.  An early date is encouraged to reduce expenses.  The court may appoint a mediator upon request.**

The parties have discussed avenues for early resolution and remain open to mediation when all sides believe it appropriate.  The parties expect to agree upon a mediator without appointment by the Court.

**6. The identity of persons expected to be deposed.**

Plaintiffs will depose Defendant's representative, and any of Defendant's employees who have information regarding the facts of this case.  Plaintiffs reserve the right to depose other fact witnesses listed by the parties, should Plaintiffs conclude it necessary to do so.  Plaintiffs will depose experts, if any, designated by Defendant by the close of the discovery period.

Defendant will depose Plaintiffs, and any family members or other witnesses who were present with them at Defendant's premises.  Defendant reserves the right to depose other fact witnesses listed by the parties, should Defendant conclude it is necessary to do so.  Defendant will depose experts, if any, designated by Plaintiffs by the close of the discovery period.

**7. Any issues relating to the disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have discussed this and foresee no significant issues.

**8. Any issues relating to preserving discoverable information, including electronically stored information.**

The parties have discussed this and foresee no significant issues.

**9. Whether any other orders should be entered by the court pursuant to FED.R.CIV.P. 26(c) or FED.R.CIV.P. 16(b), (c).**

Defendant intends to file a motion to sever the claims brought by each Plaintiff into two separate lawsuits. The parties have conferred on this issue, and Plaintiffs intend to file a response opposing said motion.

**10. Estimated trial time.**

Plaintiffs anticipate it will take twenty (20) hours to present their case in chief.

Defendant anticipates it will take eight (8) hours to present its case in chief.

**11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

| | |
|---|---|
| For Plaintiff: | Lucia Romano Ostrom |
| | Brian East |
| For Defendant: | Joseph W. Gagnon |

**12. Any other matters counsel deem appropriate for inclusion in the joint conference report.**

RESPONSE: As noted, Defendant intends to file a motion to sever the claims brought by each Plaintiff into two separate lawsuits. The parties have conferred on this issue, and Plaintiffs intend to file a response opposing said motion.

Respectfully submitted,

*(signature)*

**JOSEPH W. GAGNON**
Attorney in Charge
Texas Bar No. 00787507
**A. KEVIN TROUTMAN**
Texas Bar No. 24056642
**FISHER & PHILLIPS LLP**
333 Clay Street
Suite 4000
Houston, TX  77002
Tel:  (713) 292-0150
Fax:  (713) 292-0151
jgagnon@laborlawyers.com
ktroutman@laborlawyers.com
**ATTORNEYS FOR DEFENDANT**

*(signature)*

**Lucia Romano Ostrom**
Texas Bar No.: 24033013
1500 McGowan, Ste 100
Houston, Texas 77004
Telephone: (713) 974-7691
Facsimile: (713) 974-7695

*(signature)*

**Brian East**
Texas Bar No.: 06360800
2222 WV. Braker Lane
Austin, Texas 78758
Telephone: (512) 454-4816
Facsimile: (512) 454-3999
**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 12th day of May, 2014, this instrument was filed pursuant to the electronic filing protocols applicable in the United States District Court for the Eastern District of Texas, Beaumont Division, and that service will be further made in compliance with said protocols.

_____
JOSEPH W. GAGNON